Turley, J.
delivered the opinion of the court.
This is an action of assumpsit brought by Baker, Johnson & Co., against Jesse Isler, administrator of Joseph H. Bryan, deceased, and Henry H. Bryan. It appears from the bill of exceptions that Joseph H. Bryan, deceased, and Henry H. Bryan were merchants and partners in trade, in the town of Clarksville; that Baker, Johnson & Co. had during such partnership sold to them goods, wares and merchandize, to the value of seven or eight hundred dollars. After the debt was contracted, but before it was paid, or any note or bill given for it, a commission of lunacy was regularly issued against Joseph H. Bryan, who was found by the proper authorities to be a lunatic, and a guardian regularly appointed for him— he remained a lunatic to the day of his death. After the lunacy of J. H. Bryan was thus established, Henry H. Bryan executed a note for the sum due Baker, Johnson & Co., and signed the name of Henry H. Bryan & Co. The declaration in the case contains two counts, one upon the note thus executed, and the other upon an open account for the goods, wares and merchandize, sold and delivered.
Upon the trial, it was contended for Isler, the administra *86 tor of Joseph H. Bryan, that the partnership previously existing between him and Henry H. Bryan was dissolved by the commission of lunacy found against Joseph H. Bryan; and that, therefore, Henry H. Bryan had no power or authority to bind him by the note, executed as before stated, and so it was held by the Circuit Judge, and, as we think correctly; for both upon principle and authority, the inquisition of lunacy, as found, did dissolve the partnership, ipso facto, and H. H. Bryan, at the time he executed the note, could only bind himself thereby.
But the court heard proof upon the count for goods, wares and merchandize, sold and delivered, and permitted a verdict and judgment to be obtained against Isler, for the original consideration of the note. In this, we think there was error. The note executed by H. H. Bryan was obligatory upon himself, and, in our opinion, operated as an extinguishment of the partnership debt.
Mr. Story, in his treaties on partnership, page 239, sec. 1S5, says, ‘‘that when the liability of a firm to a third person has clearly attached, and becomes absolute and binding, subsequent transactions between such third person, and one of the partners, may work an extinguishment of such liability, either wholly or partially. Thus, if a partnership were originally liable to a creditor for a debt, and he should after-wards accept a security of one partner, at all events, a security of á higher, or a negotiable nature, for the whole debt, as a satisfaction thereof, wholly or in part, it will operate as an extinguishment of the debt of the partnership.”
Such is this case. When the plaintiffs took H. H. Bryan’s promissory note for the open account due them, they received a security of a higher and negotiable natúre, which extinguished the partnership debt; and so no right of action existed against the administrator of Joseph H. Bryan in their favor.
Several other points have been urged by the counsel for the plaintiff in error, which we do not deem it necessary, particularly, to investigate. We are satisfied that there is no error in any of them, and that they were decided correctly by the court below.
*87 Reverse the judgment, and remand the cause for a new trial.